# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

CENTRAL MUTUAL INSURANCE )
COMPANY a/s/o ETHAN AND )
ASHLEY COLCLASURE, )
       )
     Plaintiff, )
       )
v. )     **Case No. 3:23-cv-00661**
       )     **Judge Aleta A. Trauger**
FERGUSON ENTERPRISES, LLC, *et* )
*al.*, )
       )
     Defendants. )

## MEMORANDUM

Before the court is the Motion for Summary Judgment (Doc. No. 50) filed by defendants Ferguson Enterprises, LLC ("Ferguson LLC") and Ferguson U.S. Holdings, Inc. ("Ferguson Inc.") (collectively referred to herein, in the singular, as "Ferguson" or "the defendant," unless necessary to distinguish between them), supported by a Memorandum of Law, Statement of Undisputed Material Facts, and a substantial quantity of evidentiary material. (Doc. Nos. 51, 52, 55-1 through 55-20.) The plaintiff opposes the motion and has filed a Response, Response to the Statement of Undisputed Material Facts, and additional evidentiary material. (Doc. Nos. 59, 60, 61-1 through - 61-11.) Ferguson filed a Reply in further support of its motion. (Doc. No. 62.)

As set forth herein, the motion will be granted.

## I.     BACKGROUND

This case arises from a fire that occurred on April 13, 2020 at the Nashville home of Ethan and Ashley Colclasure. The Colclasures' home, at the time, was insured by a policy ("Policy") issued by plaintiff Central Mutual Insurance Company ("CMIC"). Pursuant to the terms of the Policy, CMIC paid a substantial sum to the Colclasures to reimburse them for the costs incurred

in repairing the damage caused by the fire. CMIC now brings this action as subrogee of the Colclasures against Ferguson LLC and Ferguson Inc., and against Ferguson-Showroom No. 907, and Ferguson Enterprises, LLC No. 20, to recover the sums it paid to its insureds. (*See generally*, Compl., Doc. No. 1.)

The Colclasures' home was built in 2019 by Colclasure Company, a residential construction company owned by Ethan Colclasure. As part of the construction, Colclasure Company contracted with Ferguson to assist with the project, specifically by supplying and installing an outdoor gas grill, the Superior Equipment Solutions d/b/a Artisan Grills Model No. ARTP-36 (the "grill"), in the outdoor patio/lanai area of the house. The Colclasures used the grill without incident for several months after moving into the house. In April 2020, however, Ethan Colclasure used the grill to sear steaks. There is no dispute now that Ethan Colclasure neglected to turn the grill off, leaving all three burners set to "high" for approximately twenty hours—with the hood vent turned off and the garage door opening to the lanai down, so that the area was entirely enclosed—before the combustible wall behind the grill ignited, causing the fire that led to catastrophic damage to the home.

The plaintiff's theory of recovery against Ferguson is that the fire was directly caused by "Ferguson's failure to properly install the barbeque grill, its insulated jacket/shroud, and related components . . . with sufficient and adequate clearances to combustibles pursuant to the manufacturer's instructions and warnings." (Compl. ¶ 40.) CMIC asserts claims against Ferguson for breach of contract, negligence, and breach of express and implied warranties. (*Id.* at 18–25.)

Following discovery, Ferguson filed a Motion to Exclude Testimony of Plaintiff's Retained Experts ("Motion to Exclude") (Doc. No. 53) and its Motion for Summary Judgment. Contemporaneously with this Memorandum and accompanying Order, however, the court has

issued a separate Memorandum and Order granting the defendant's Motion to Exclude. Specifically, the court has excluded the testimony of Jerry Carter, the plaintiff's proffered expert on causation.

Among many other arguments raised in support of Ferguson's Motion for Summary Judgment, two remain relevant following the court's ruling on the Motion to Exclude. One is that the claims against Ferguson-Showroom No. 907 and Ferguson Enterprises, LLC No. 20 should be dismissed on the grounds that these are fictitious entities with no separate existence, so the claims against them are simply redundant of the claims against Ferguson LLC and Ferguson Inc. Second, and more substantively, Ferguson argues that the claims against them must be dismissed in their entirety because the plaintiff cannot prove that its alleged negligence, breach of contract, or breach of warranties caused the fire at the Colclasures' home.

## II.    FICTITIOUS ENTITIES NAMED AS DEFENDANTS

As set forth above, two of the defendants are identified as Ferguson-Showroom No. 907 and Ferguson Enterprises, LLC No. 20. The plaintiff acknowledged in the Complaint that these entities are "unregistered, unlicensed, fictitious business name[s]" and that defendants Ferguson Enterprises, LLC and Ferguson U.S. Holdings, Inc. conduct business under those fictitious names. (Compl. ¶¶ 10–11.) Ferguson's Rule 30(b)(6) representative testified that, in fact, Ferguson-Showroom No. 907 and Ferguson Enterprises, LLC No. 20 do not exist as independent entities and have never existed. (Doc. No. 55-9, Ferguson Rule 30(b)(6) Dep. 196–99.) Instead, these names (or numbers) identify locations in which Ferguson does business. (*Id.* at 196.)

The plaintiff cannot dispute that assertion as a factual matter, and it does not substantively refute Ferguson's legal argument, other than to continue to assert that the designations "Ferguson-Showroom No. 907" and "Ferguson Enterprises, LLC No. 20" appear on documents issued by Ferguson as business identifiers and "demonstrate that these designations were used by Ferguson

as part of the transaction at issue." (Doc. No. 59 at 9.) CMIC also characterizes Ferguson's request to dismiss these entities as an effort to "narrow its exposure" to liability in this case (*id.*), an assertion that is not supported by the record.

Because the record is clear that Ferguson-Showroom No. 907 and Ferguson Enterprises, LLC No. 20 are not stand-alone entities and, instead, are simply names under which Ferguson conducts business, they lack capacity to be sued and must be dismissed. The claims against them are, in effect, simply redundant of the claims against Ferguson Enterprises, LLC and Ferguson U.S. Holdings, Inc., who are properly named and already joined in this suit. The fictitious entities, therefore, will be dismissed.

## III.     SUBSTANTIVE CLAIMS AGAINST FERGUSON

One of the bases for Ferguson's Motion for Summary Judgment, among many, is that the plaintiff cannot prove that improper installation of the grill, with less than the distance from the grill to the wall required by the installation manual, caused the fire. (*See* Doc. No. 51 at 17 ("Plaintiff CMIC has failed to timely and adequately produce reliable expert testimony to prove that the grill's location was the probable cause of the loss, instead producing the conclusory and insufficiently supported assertion that if the grill were three inches further from the wall, a fire would not have occurred and the grill could have burned at full blast in perpetuity." (citations omitted)).)

The cause of the fire in this case is not obvious to a lay person and is clearly an issue that must be proved through expert testimony. *Accord, e.g.*, *Mains v. Sherwin-Williams Co.*, 640 F. Supp. 3d 373, 385 (E.D. Pa. 2022) ("[E]xpert testimony is generally required to establish fire cause and origin."); *Great N. Ins. Co. v. Ruiz*, 688 F. Supp. 2d 1362, 1370 (S.D. Ga. 2010) ("The determination of the cause and origin of a fire is frequently considered 'beyond the understanding of the average lay person' . . . ." (quoting *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir.

2004))); *St. Cyr v. Flying J Inc.*, No. 3:06-cv-13-J-33TEM, 2008 WL 2608127, at *7 (M.D. Fla. 2008) ("The cause and origin of fires . . . are neither matters of common sense nor common knowledge."). The court has excluded CMIC's causation expert. As a result, CMIC lacks proof sufficient to establish that the proximity of the grill to the flammable wall caused the fire or, indeed, that any action or inaction by Ferguson caused the fire. The plaintiff's claims as set forth in the Complaint all depend upon proof that Ferguson's allegedly faulty installation of the grill "caused the Property to be destroyed by the Fire." (Compl. ¶ 74 (breach of implied warranties); *see also id.* ¶ 66 ("As a direct and proximate result of Ferguson's breach of its express warranty, the Colclasures and CMIC suffered damages in an amount exceeding $3,455,966.83."); *id.* ¶ 62 (same, for negligence); *id.* ¶ 53 (breach of contract).)

The exclusion of CMIC's damages expert's testimony as to causation is fatal to its claims for relief, entitling Ferguson to summary judgment on all claims against it. *Accord Presley v. Lakewood Eng'g & Mfg. Co.*, 553 F.3d 638 (8th Cir. 2009) (affirming summary judgment for the defendant following exclusion of the plaintiff's expert as to causation of fire); *State Farm Fire & Cas. Co. v. Holmes Prods.*, 165 F. App'x 182, 187 (3d Cir. 2006) (same).

## IV. CONCLUSION

For the reasons set forth herein, Ferguson's Motion for Summary Judgment (Doc. No. 50) will be granted. An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge